## JOHN R. MOORE AND WIFE *v.* GEORGE LEHMAN.

**Trial—Instruction.**

An instruction was properly refused where there was no evidence on which to base it.

**Contracts—Change in Plan of Building—Defective Work—Release.**

A change in the original plan of a building does not release the contractor from liability for defective work causing leakage.

**Contracts—Breach—Damages—Counterclaim.**

In an action for a breach of contract the jury should determine. if required by the parties, the amount to which the defendant is entitled by way of damages by reason of the matters set up in her counterclaim.

APPEAL FROM WARREN CIRCUIT COURT.

April 3, 1873.

OPINION BY JUDGE PRYOR:

The evidence conduces strongly to show that the contract for the building of the house was made with Mrs. Moore and not with Calvert, and in fact there is no testimony in the case upon which the court or jury could have arrived at the conclusion that Calvert had anything whatever to do with the making of the contract, and therefore the refusal of the court to instruct the jury "that if the con-

tract was made with Calvert they must find for the defendant" was proper. The statement of S. I. Williams, who seems to have made a measurement of the work done upon this building and a valuation of all the material, leaves but little reason to doubt that including all the work done on the building and the value of the material furnished its entire costs exceeded but little the amount claimed by the appellee. In this estimate made by Williams he was allowed for joiner's work, $1,418.06; for wood, material and carpenter's work, $1,539.46. The whole cost of the building is $8,114.80; from this is to be deducted the joiner's work, $1,418, and say one-half of the amount at which the material and carpenter's work is estimated, viz., $770, these two sums, $1,418 and $770, deducted from the $8,114.80, leaves the sum of $5,926.80, and from this deduct the amount of damages allowed on the counter-claim of the appellant, viz., $1,484.47, leaves due the appellee $4,442.33; besides the appellee insists that he is not entitled to any pay for the carpenter's work, it is evident that it constitutes and forms a part of the judgment he has recovered; in fact, the evidence conduces strongly to show that he had agreed to complete the whole building and the object in the attempt to prove that some one else was responsible for the carpenter's work was made to avoid the damages that the appellant has sustained by reason of the construction, as the proof shows, of a very defective building. It is true, no doubt, that Mrs. Moore agreed to pay the carpenters, but we think it is equally as well established that the appellee was responsible for the character of the work done.

Instruction No. 5 given for the appellee is clearly erroneous. The jury are told that if the appellant changed the original plan by which the house leaked, or has been otherwise injured, they must find for the plaintiff. How far this instruction affected the question of damages is difficult to determine, nevertheless, we can not see why a change in the original plan of the building should release the appellee from liability if the work was defectively executed.

It was also error to refuse to continue the case in order to enable the appellant to amend the amended petition. The amended pleading was filed on the 23d of August, and by an order of court the appellants' counsel was required to answer it in less than three hours after its filing. Merchant lived out of the county and the appellee never announced himself as ready for trial until this amend-

ment was filed. It is true the appellee consented that the allegations of the amendment might be traversed on the record, but the court not only required the appellant to go into trial but also took this amended pleading for confessed in the judgment rendered, notwithstanding the appellee had agreed that it should stand denied. In this judgment a house and lot is designated to be sold that had previously been purchased by one Graham of Mrs. Moore Graham was only a garnishee in the original action, or rather it was alleged that he was indebted to Mrs. Moore for the property. This amended pleading is taken for confessed against all the parties by reason of the allegations therein, and without other proof the court adjudges that the conveyance to Graham has been set aside and annulled, and assumes that the judgment in the suit of Mrs. Moore v. Graham, annulling that deed, may be reversed by this court, and if so, the commissioner is ordered not to sell that house and lot, but directs Graham to pay over to the appellee the money he may be owing Mrs. Moore not exceeding the amount to which the appellee is entitled. Such a judgment must be reversed.

It is certainly proper that a jury, if the parties require it, should determine the amount to which the appellee is entitled and the damages, if any, sustained by the appellant by reason of the matters set up in her counterclaim. In the event of another trial the sum found due upon the facts as now appear upon the record either by this court or the court below will not be regarded as any evidence of what the parties are entitled to recover, either upon the original petition or the counterclaim. For the reason indicated the judgment of the court below is *reversed* and the cause remanded with directions to award the appellants a new trial and for further proceedings consistent with the opinion.

*Bush, for appellant.*

*Rodes & Clark, for appellee.*